## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NINGBO LANGYAN AGEL E-COMMERCE LTD.

        Plaintiff,

   v.

THE CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"

        Defendant.

Case No. 1:24-cv-00058-JAV

Hon. Jeannette A. Vargas

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Ningbo Langyan Agel E-commerce Ltd. brings this Complaint against the Partnerships and Incorporated Associations identified in Schedule A attached hereto (collectively, "Defendants"). Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a company based in Zhejiang, China. Plaintiff is the owner of several United States patents, including patents relating to the design of stands/tables.

2.  Defendants are the individuals, partnerships, and unincorporated associations set forth in Schedule A.

3.  Defendants are online sellers who host online stores on online selling platforms. On information and belief, Defendants are not subject to any effective verification process when creating the online stores, allowing Defendants to mask their true identities and to protect their financial assets, in order to avoid liability for their infringing acts. For example, after being detected, a Defendant can close one online store and open a new online store associated with a new name and address to continue its infringing activities. Because of these concealment efforts, it is virtually impossible for Plaintiff to determine the true identity of the Defendants and the full scope of their interconnections with one another.

4.  On information and belief, Defendants use financial accounts and services offered by the online selling platforms on which they maintain their online stores, and other online accounts/payment processors to accept revenues from their infringing activities. On information and belief, Defendants can use these accounts and services to quickly transfer funds to other accounts in the event their infringing activities are discovered or Plaintiff obtains a monetary judgment against them. On information and belief, the ultimate resting place for Defendants' funds will be in foreign accounts outside the jurisdiction of United States courts.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this court under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391.

7. As shown in Schedule A, on information and belief, Defendants do not reside in any judicial district in the United States.

8. This Court may properly exercise personal jurisdiction over Defendants because each Defendant does target or has targeted consumers in the United States, including New York, by selling infringing productions on their online stores identified in Schedule A. By operating these online stores, Defendants intend to do business with and solicit the business of United States citizens, and in particular, New York residents. Defendants, through their online stores, offer to sell infringing products in to the United States and specifically, offer to ship said infringing products to New York. As a result of Defendant's infringing activities through their online stores in New York, Plaintiff has been harmed as will be addressed in this Complaint.

## JOINDER OF DEFENDANTS

9.  All Defendants are making, using, importing into the United States, offering for sale, and/or selling goods that are at least substantially similar to Plaintiff's patented design to the eye of an ordinary observer.

10. Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299(a) at least because Plaintiff's right to relief is asserted against Defendants jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences (namely, the making, using, importing into the United States, offering for sale, and/or selling of the same or nearly identical accused products). Moreover, questions of law or fact common to all defendants will arise in this action.

11. Defendants' actions are logically related and cause indivisible harm to Plaintiff because Defendants are engaging in a systematic approach of establishing online stores to make, use, import into the United States, offer for sale, and/or sell the same or nearly identical products. On information and belief, Defendants are acting in concert if not directly, at least by obtaining the infringing products from a common source or related sources, or engaging in the infringing activities at the suggestion or direction of a common source or related sources. For example, two of the Defendants list addresses that are in two buildings at the same address, sell identical products, and use the same photographs/marketing materials in their

product listings. Other Defendants that purport to be different companies residing at different addresses sell identical or nearly identical products and use identical or nearly identical photographs/marketing materials in their product listings.

12. On information and belief, Defendants offer infringing products on their online stores not only for the purpose of making sales of those products but also to drive traffic to their online stores by offering popular or desirable products, thereby increasing the value of their online stores, all at Plaintiff's expense. Each Defendants' individual action thus contribute to Defendants' unlawful gains, as a whole.

13. Joinder of all Defendants also serves the interests of convenience and judicial economy, allowing for speedy and economical resolution of this matter for all parties and the Court.

14. In the same vein, joinder of all Defendants will not cause any unnecessary delay, prejudice any party, or affect the rights of any party.

## COMMON ALLEGATIONS

15. Plaintiff is the owner of all rights, title, and interest in United States Patent No. D1,038,228 ("the '228 Patent") issued on August 6, 2024, entitled STAND FOR HEAT TRANSFER PRINTER. A true and correct copy of the '228 Patent is attached to this Complaint as Exhibit 1.

16. Plaintiff is also the owner of all rights, title, and interest in United States Patent No. D1,042,622 ("the '622 Patent") issued on September 17, 2024, entitled STAND FOR HEAT TRANSFER PRINTER. A true and correct copy of the '622 Patent is attached to this Complaint as Exhibit 2.

17. Plaintiff possesses all rights of recovery under the '228 Patent and the '622 Patent and has standing to sue for infringement of the '228 Patent and the '622 Patent.

18. The '228 Patent and the '622 Patent are valid and enforceable.

19. The '228 Patent and the '622 Patent relate to a design for a stand/table, as shown below.



[Exhibit 1, '228 Patent, Figure 1.]

6



[Exhibit 1, '622 Patent, Figure 1.]

20. Without license or authorization from Plaintiff, Defendants offered for sale, sold, made, used, and/or imported into the United States stands/tables that infringe the '228 Patent and the '622 Patent as shown in Schedule A.

21. Plaintiff has been harmed by Defendants' unlawful activities.

## COUNT I – INFRINGEMENT OF UNITED STATES PATENT NO. D1,038,228

22. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

23. Defendants have been and are now infringing, literally and/or under the doctrine of equivalents, the '228 Patent in this District and elsewhere by making,

using, offering for sale, importing, and/or selling infringing products, without license or authorization, as shown in Schedule A. These acts constitute infringement under at least 35 U.S.C. § 271(a).

24. Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate it for Defendants' infringement.

25. As a direct and proximate consequence of the infringement, Plaintiff has been and is being harmed, and, unless Defendants' infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

26. On information and belief, Defendants' infringement will continue unabated unless and until enjoined by this Court.

27. Plaintiff is entitled to injunctive relief from this Court under 35 U.S.C. § 283.


## COUNT II – INFRINGEMENT OF
## UNITED STATES PATENT NO. D1,042,622

28. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

29. Defendants have been and are now infringing, literally and/or under the doctrine of equivalents, the '622 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling infringing products, without license

or authorization, as shown in Schedule A. These acts constitute infringement under at least 35 U.S.C. § 271(a).

30.  Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate it for Defendants' infringement.

31.  As a direct and proximate consequence of the infringement, Plaintiff has been and is being harmed, and, unless Defendants' infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

32.  On information and belief, Defendants' infringement will continue unabated unless and until enjoined by this Court.

33.  Plaintiff is entitled to injunctive relief from this Court under 35 U.S.C. § 283.


## PRAYER FOR RELIEF

Plaintiff asks this Court to enter judgment against Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. An adjudication that Defendants have infringed the '228 Patent and the '622 Patent;

B. The ascertainment of and award to Plaintiff of damages from the infringement of the '228 Patent and the '622 Patent, together with prejudgment and post-judgment interest and any other costs and expenses permitted by law, under 35 U.S.C. § 284;

C. A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Plaintiff under 35 U.S.C. § 285;

D. An injunction permanently enjoining Defendants from any further acts of infringement of Plaintiff's patent rights under 35 U.S.C. § 283, including:

   a. Offering for sale, selling, making, using, and/or importing into the United States any products not authorized by Plaintiff that infringe the '228 Patent or the '622 Patent;

   b. Aiding, abetting, inducing, contributing to, or otherwise assisting anyone in infringing the 228 Patent or the '622 Patent; and

   c. Any action designed to circumvent this injunction for the purpose of continuing infringing activity, such as assigning or transferring business rights, or forming new entities;

E. An accounting of Defendants' profits resulting from their infringement;

F. Entering an Order that, on Plaintiff's request, those in privity with any Defendant and those with notice of the injunction in part D, such as third party online marketplaces and third party financial service providers acting in cooperation with

Defendants for their infringing activity, shall cease providing services to any Defendant that enable the Defendant to continue conduct enjoined in part D; and

G. Awarding to Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 27, 2024                Respectfully submitted,

**EVIA LAW PLC**
/s/ Steven Susser
Steven Susser (Reg. No. 2411619)
Jessica Fleetham
(*pro hac vice* application forthcoming)
32400 Telegraph Suite 103
Bingham Farms, MI 48025
248.243.1201
steven@evialaw.com
jessica@evialaw.com

Exhibit 1

US0D1038228S

(12) **United States Design Patent** (10) Patent No.: **US D1,038,228 S**

Zhou (45) Date of Patent: ✱✱ **Aug. 6, 2024**

(54) **STAND FOR HEAT TRANSFER PRINTER**

(71) Applicant: **NINGBO LANGYAN AGEL ECOMMERCE LTD**, Zhejiang (CN)

(72) Inventor: **Fuxing Zhou**, Jiangxi (CN)

(73) Assignee: **NINGBO LANGYAN AGEL ECOMMERCE LTD**, Ningbo (CN)

(✱✱) Term: **15 Years**

(21) Appl. No.: **29/815,944**

(22) Filed: **Nov. 17, 2021**

(51) **LOC (14) Cl.** .............................................. **18-02**

(52) **U.S. Cl.**
USPC ...................................................... **D18/59**

(58) **Field of Classification Search**
USPC .......... D6/655–655.23; D34/12–27; D18/23, D18/34, 99, 36, 37, 38, 39, 45, 59
CPC ........... A47B 31/00; B41J 11/58; B41J 29/06; B65H 45/1015
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,910,205 | A | * | 10/1975 | Gusdorf ................ A47B 47/022 D6/675.1 |
| D277,717 | S | * | 2/1985 | Petrick ............................. D6/708 |
| 4,568,212 | A | * | 2/1986 | Cooke ................... B41J 11/58 248/302 |
| D288,331 | S | * | 2/1987 | Huldt ............................. D34/21 |
| D304,112 | S | * | 10/1989 | Bettess ........................... D34/21 |
| D307,084 | S | * | 4/1990 | Currie .......................... 248/676 |
| D311,291 | S | * | 10/1990 | Ugalde ........................... D34/21 |
| D311,754 | S | * | 10/1990 | Hassel .......................... D18/59 |
| D313,878 | S | * | 1/1991 | Rinkewich ...................... D34/21 |
| D314,105 | S | * | 1/1991 | Vossoughi ................... D6/656.16 |
| 5,080,236 | A | * | 1/1992 | Conner .................. B41J 11/58 211/151 |
| 5,080,320 | A | * | 1/1992 | Chieng ................... B41J 29/06 248/676 |
| 5,238,316 | A | * | 8/1993 | Moore ............... B65H 45/1015 493/410 |
| D367,774 | S | | 3/1996 | Wood, Jr. ....................... D6/649 |
| D387,218 | S | * | 12/1997 | Miller ........................ D6/655.21 |
| D407,233 | S | * | 3/1999 | Naas ............................. D6/657 |
| 5,882,098 | A | * | 3/1999 | Brown ................... A47B 81/06 312/258 |
| D415,791 | S | * | 10/1999 | Okamura ........................ D18/59 |
| 6,213,483 | B1 | * | 4/2001 | Gaffney ................... B62B 3/02 280/47.35 |
| D752,906 | S | * | 4/2016 | Gunderson ................. D6/675.1 |
| D984,178 | S | * | 4/2023 | Qiu ........................... D6/655.1 |
| 2011/0155021 | A1 | * | 6/2011 | Geitner ................... A47B 3/08 108/65 |

OTHER PUBLICATIONS

Amazon.com: Puncia 3 Tier Movable Heat Press Table (Year: 2021).*

* cited by examiner

*Primary Examiner* — Maria J. Edwards

(57) **CLAIM**

The ornamental design for a stand for heat transfer printer, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a stand for heat transfer printer showing my new design;
FIG. **2** is a front view thereof;
FIG. **3** is a back view thereof;
FIG. **4** is a left side view thereof;
FIG. **5** is a right side view thereof;
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.

**1 Claim, 7 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

Exhibit 2

US0D1042622S

(12) **United States Design Patent**     (10) Patent No.:     **US D1,042,622 S**
Zhou     (45) Date of Patent:     ** **Sep. 17, 2024**

(54) **STAND FOR HEAT TRANSFER PRINTER**

(71) Applicant: **NINGBO LANGYAN AGEL ECOMMERCE LTD**, Zhejiang (CN)

(72) Inventor: **Fuxing Zhou**, Jiangxi (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/935,674**

(22) Filed: **Apr. 3, 2024**

### Related U.S. Application Data

(63) Continuation of application No. 29/815,944, filed on Nov. 17, 2021.

(51) **LOC (14) Cl.** ............................................. **18-08**
(52) **U.S. Cl.**
USPC ......................................................... **D18/59**
(58) **Field of Classification Search**
USPC ................... D18/23, 34, 36–39, 45, 59, 99;
D6/655–655.23, 656–656.19, 672;
D34/12–27
CPC ........... A47B 31/00; B41J 11/58; B41J 29/06;
B65H 45/1015
See application file for complete search history.

(56)     **References Cited**

U.S. PATENT DOCUMENTS

3,910,205  A  * 10/1975  Gusdorf ................. A47B 31/00
D6/675.1
4,568,212  A  *  2/1986  Cooke .................... B41J 11/58
248/302
D288,331  S  *  2/1987  Huldt ............................ D34/21
D304,112  S  * 10/1989  Bettess ........................ D34/21
D307,084  S  *  4/1990  Currie ........................ 248/676
D311,291  S  * 10/1990  Ugalde ........................ D34/21
D311,754  S  * 10/1990  Hassel ........................ D18/59
D313,878  S  *  1/1991  Rinkewich .................... D34/21

5,080,236  A  *  1/1992  Conner .................. B41J 11/58
211/151
5,238,316  A  *  8/1993  Moore .............. B65H 45/1015
493/410
D387,218  S  * 12/1997  Miller ...................... D6/655.21
(Continued)

*Primary Examiner* — Maria J. Edwards
(74) *Attorney, Agent, or Firm* — Hawaii Patent Services; Nathaniel K. Fedde; Kenton N. Fedde

(57)     **CLAIM**

The ornamental design for a stand for heat transfer printer, as shown and described.

**DESCRIPTION**

FIG. **1** is a front, right, top perspective view of a stand for heat transfer printer, showing my new design;
FIG. **2** is a front elevation view thereof;
FIG. **3** is a rear elevation view thereof;
FIG. **4** is a left side view thereof;
FIG. **5** is a right side view thereof;
FIG. **6** is a top plan view thereof;
FIG. **7** is a bottom plan view thereof;
FIG. **8** is an enlarged view of detail **8** in FIG. **1**;
FIG. **9** is an enlarged view of detail **9** in FIG. **1**;
FIG. **10** is an enlarged view of detail **10** in FIG. **1**;
FIG. **11** is an enlarged view of detail **11** in FIG. **2**;
FIG. **12** is an enlarged view of detail **12** in FIG. **2**;
FIG. **13** is an enlarged view of detail **13** in FIG. **4**;
FIG. **14** is an enlarged view of detail **14** in FIG. **6**;
FIG. **15** is an enlarged view of detail **15** in FIG. **7**; and,
FIG. **16** is an enlarged view of detail **16** in FIG. **7**.
The dashed broken lines in the figures illustrate portions of the stand for heat transfer printer that form no part of the claimed design.
The short-short-long dashed broken lines immediately adjacent to the claimed areas in the views represent the boundaries of the design and form no part of the claimed design.
The dash-dot-dash broken lines are for notating enlarged views and form no part of the claimed design.

**1 Claim, 16 Drawing Sheets**



**US D1,042,622 S**

Page 2

(56)                     **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D407,233 | S | * | 3/1999 | Naas ............................. D6/657 |
| 6,213,483 | B1 | * | 4/2001 | Gaffney .................... B62B 3/02 |
| | | | | 280/47.35 |
| D624,338 | S | | 9/2010 | Jahns et al. |
| D643,232 | S | | 8/2011 | Wagner |
| D655,108 | S | | 3/2012 | Majrani |
| D693,614 | S | | 11/2013 | Polidoros |
| D717,569 | S | | 11/2014 | Davis et al. |
| D752,365 | S | | 3/2016 | Knoll |
| D752,906 | S | * | 4/2016 | Gunderson ................. D6/675.1 |
| D760,000 | S | | 6/2016 | Brandes |
| D878,822 | S | | 3/2020 | Davis et al. |
| D897,745 | S | | 10/2020 | Dardashti |
| D909,102 | S | | 2/2021 | Davis et al. |
| D984,178 | S | * | 4/2023 | Qiu ............................. D6/655.1 |

* cited by examiner



*FIG.1*



FIG.2



*FIG.3*



FIG.4

13



FIG.5



FIG.6

14

Case 1:25-cv-00058-JAV    Document 1    Filed 01/03/25    Page 30 of 39



*FIG.7*



*FIG.8*



FIG.9



FIG.10



FIG.11

Case 1:25-cv-00058-JAV    Document 1    Filed 01/03/25    Page 35 of 39

*FIG.12*





FIG.13



*FIG.14*



*FIG.15*



*FIG.16*