UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

NINGBO LANGYAN AGEL E-COMMERCE LTD,   :

                          Plaintiff,                    :              25-CV-00058 (JAV)

                      -v-                              :                  <u>ORDER</u>

THE CORPORATIONS, LIMITED LIABILITY     :
COMPANIES PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED :
ON SCHEDULE A,

                      Defendants.         :
------------------------------------------------------------------------X

# GLOSSARY

| Term | Definition |
|---|---|
| '228 Patent | United States Patent No. D1,038,228 granted to the Plaintiff on August 6, 2024, by the United States Patent and Trading Office for the ornamental design for a stand for a heat transfer printer |
| Financial Service Providers | Amazon, PayPal, Inc. ("PayPal"), Payoneer, Inc ("Payoneer"), Ping Pong Global Solutions Inc ("Ping Pong"), Coinbase Global, Inc ("Coinbase"), and any other financial service provider offering services to the Merchant Defendants that enable the Merchant Defendants' infringement of the '228 Patent that Plaintiff may become aware of in the course of this litigation |
| Infringing Products | The products offered for sale by the Merchant Defendants on the Online Marketplaces that are described in Appendix A to the TRO |
| Merchant Defendants | Defendants listed in Appendix A to the TRO |
| Online Marketplaces | Amazon, Alibaba, Aliexpress, Walmart, and Temu, and any other online marketplace offering services to the Merchant Defendants that assists the Merchant Defendants' infringement of the '228 Patent that Plaintiff may become aware of in the course of this litigation |
| TRO | Temporary Restraining Order dated January 21, 2025 (ECF No. 13) |

JEANNETTE A. VARGAS, United States District Judge:

WHEREAS, Plaintiff having moved *ex parte* on January 16, 2025 (ECF No. 9), against Merchant Defendants for the following: 1) a temporary restraining order; 2) an order directing Merchant Defendants to preserve evidence of their infringement; 3) an order directing online marketplaces to remove or disable the infringing product listings; 4) an order directing Merchant Defendants' financial service providers to locate Merchant Defendants' accounts and restrain Merchant Defendants' assets, and 5) an order authorizing limited expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Motion on January 21, 2025, ("TRO") which ordered the Merchant Defendants to appear on February 18, 2025, at 2:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, between January 22, 2025, and January 30, 2025, Plaintiff served the TRO on each and every relevant Online Marketplace and Financial Service Provider (ECF No. 14);

WHEREAS, on February 18, 2025, at 2:30 p.m., Plaintiff and Plaintiff's Declarant Fuxing Zhou appeared at the Show Cause Hearing. None of the Defendants, however, appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283.

    a. Accordingly, Merchant Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. making, using, selling, offering for sale, or importing any of the Infringing Products, or any other products that infringe the '228 Patent;

        ii. shipping, delivering, hold for sale, transferring or otherwise moving,

3

        storing, distributing, and returning or otherwise disposing of any of the Infringing Products, or any other products that infringe the '228 Patent;

    iii. transferring ownership of their online stores, user accounts with online marketplaces, or Seller IDs, or creating new seller accounts, online stores, and user accounts with online marketplaces under the Merchant Defendants' names or new aliases, for the purpose of circumventing the prohibitions in this Order; and

    iv. deleting, altering, concealing, or destroying any computer files, data or documents relating to the Infringing Products.

b. Accordingly, Merchant Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. Instructing, aiding or abetting Merchant Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(iv), including, without limitation, by providing services necessary for Merchant Defendants to re-list, advertise, market, promote, sell, and/or ship Infringing Products in violation of this Order.

2. As sufficient cause has been shown, the asset and account restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a. within five (5) days of receipt of notice of this Order, any newly discovered

      Financial Service Providers who are served with this Order shall locate all accounts associated with Merchant Defendants and any other assets such as cryptocurrency belonging to the Merchant Defendants, attach and restrain the transfer of funds from said accounts as well as the transfer or disposing of said assets, and shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel..

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that Online Marketplaces and Financial Service Providers shall provide the following information to Plaintiff's counsel to the extent such information is in their relative possession, custody, or control:

   a. identifying information for each Defendant identified in Schedule A to the Complaint, and all available contact information for each Defendant, including the same information for any and all entities or persons related, connected, or otherwise associated with each Defendant;

   b. for each of Defendants' financial/asset accounts, the account numbers and current account balances, and all identifying information for individuals and entities associated with such accounts (including the names, addresses, and other contact information associated with the accounts, the account application, and signature cards) and the same information for any and all related, connected, or otherwise associated accounts and assets; and

   c. sales records for the sale of the Infringing Products, including number of units sold, price per unit, total gross revenues received, and the dates thereof.

4. Merchant Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Merchant Defendants or any one of them, or by any persons in active concert or participation with Merchant Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

5. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

6. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

7. Any Merchant Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

8. Plaintiff shall submit a status update and proposed next steps letter **within sixty days from the date of this Order.**

SO ORDERED.

Dated: February 26, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge