UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NINGBO LANGYAN AGEL E-COMMERCE LTD.,

       Plaintiff,

  -v-

THE CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A".,

       Defendants.
------------------------------------------------------------------X

25-CV-00058 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

  In this patent infringement action, Plaintiff alleges that Defendants operate online marketplaces, including on Amazon, that sell products that infringe on its registered design patents. ECF No. 8. ("Am. Compl."), ¶¶ 1-4. On June 16, 2025, Plaintiff filed a motion for alternative service pursuant to Rule 4(f)(3), seeking leave to serve Defendant "Anhui Ergocomfy Home Technology Co., Ltd d/b/a Bettahome" ("Defendant No. 3") and Defendant "lou di yuan fa ke ji you xian gong si d/b/a Realkant" ("Defendant No. 7") via email. ECF No. 78 ("Mot. Alt. Serv.") at 2-3. Both of these Defendants appear to be based in China. *Id.*

  Plaintiff claims that the physical addresses for Defendant Nos. 3 and 7 are not known, since there is a contradiction between the sellers' addresses as listed on their website and Amazon storefront page, on the one hand, and the addresses provided by Amazon for these Defendants through discovery. Plaintiff argues that as a result,

the Hague Convention on the Service Abroad of Extrajudicial Documents (the "Hague Convention") does not apply. Mot. Alt. Serv. at 2-3. Plaintiff asserts that this inconsistency makes the addresses of each Defendant "unreliable." *Id.* at 4.

As Plaintiff has not undertaken sufficient efforts to ascertain whether the physical addresses it has obtained are in fact associated with either Defendant, Plaintiff's motion is DENIED.

## LEGAL STANDARDS

Rule 4(f) authorizes service on a defendant in a foreign country by means authorized by "any internationally agreed means of service," such as the Hague Convention, by method in accordance with that jurisdiction's laws, or "by other means not prohibited by international agreement, as the court orders," so long as it is "method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f). Moreover, Rule 4(f) treats all subparts as equal, meaning that parties need not "exhaust" the efforts listed before Rule 4(f)(3), to move for alternative service. *See Gang Chen v. China Green Agric., Inc.*, No. 20 CV 9232 (MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021).

Rule 4(f)(3) allows a court to "fashion [a] means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted). In evaluating whether service comports with due process, "[a] court must . . . determine

2

that the proposed method of service is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard." *United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023) (citation omitted).

## **DISCUSSION**

Rule 4(f)(3) requires a two-part analysis, first addressing whether the ordered means of service is not prohibited by international agreement, and secondly, analyzing whether service comports with constitutional due process. Because the Court finds that Plaintiff has not satisfied the first prong of this test, the motion is denied.

Defendant Nos. 3 and 7 appear to be located in China. Both the United States and China are signatories to the Hague Convention. Service by email on defendants in China is prohibited by the Hague Convention. *Smart Study Co., LTD. v. Acuteye-US*, 620 F.Supp.3d 1382, 1392-93 (S.D.N.Y. July 21, 2022).

But the Hague Convention does not apply "where the address of the person to be served with the document is not known." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 CV 1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018). Plaintiff argues that the Hague Convention does not apply here because the information it has regarding Defendants' physical addresses is "unreliable."

An address is "not known" within the meaning of the Hague Convention "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content*

*Sys. Licensing Adm'r, LLC*, 2018 WL 4757939, at *4. Reasonable diligence means that plaintiff has utilized the tools at its disposal in an attempt to find a current physical address, including discovery, researching the defendant's website or other internet sources, or conducted in-person investigations. *See Smart Study*, 620 F. Supp. 3d at 1391. Reaching out to an individual's shipper can also demonstrate diligence. *See Kelly Toys Holdings*, No. 22 CV 558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022).

The Court must determine if Plaintiff used "reasonable diligence" in attempting to locate valid physical addresses for the two Defendants that are the subject of this motion. Plaintiff used expedited discovery to locate the address that Defendants Nos. 3 and 7 provided to their shipper, Amazon, in addition to their publicly listed addresses on their website and Amazon page. Mot. Alt. Serv. at 4-5. Because the address listed on their Amazon storefront is different than the address provided by Amazon through discovery, Plaintiff argues that neither address is "reliable." *Id*. at 4.

Plaintiff has produced evidence calling into question the validity of the address listed on Defendant No. 3's website, by providing a screenshot showing that location would fall within a government building complex. *Id*. at 6. Yet Plaintiff can point to no other steps it has taken to determine whether any of the other addresses it has obtained through discovery or its internet searches are actually associated with Defendants, including the address provided by Amazon with respect to Defendant No. 3. Plaintiff simply assumes that, because its efforts have yielded different

4

addresses for each Defendant, none can be presumed to be valid. Such assumptions do not constitute reasonable diligence. Plaintiff has not, for example, attempted to send registered mail to these addresses, dispatched an investigator to the locations, or otherwise done online research to verify whether these addresses were valid. *See, e.g., Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 CV 2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding reasonable diligence where plaintiffs conducted further online research, sent mail to the addresses, and conducted in-person visits to ascertain whether any of the physical addresses were correct and usable for service); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (approving service of online retailers by email and fax, where service by mail to listed physical addresses had been attempted but was returned). In the absence of such efforts, the Court cannot say that the addresses of Defendant Nos. 3 and 7 are unknown.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service on Defendant Nos. 3 and 7 is DENIED. The Clerk of Court is directed to terminate ECF No. 78.

SO ORDERED.

Dated: July 24, 2025
   New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5