UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

NINGBO LANGYAN AGEL E-COMMERCE    :
LTD.,                                   :

                              :           25-CV-00058 (JAV)
                    Plaintiff,     :

                              :           <u>MEMORANDUM</u>
     -v-                         :    <u>OPINION AND ORDER</u>
                              :

THE CORPORATIONS, LIMITED LIABILITY  :
COMPANIES, PARTNERSHIPS AND       :
UNINCORPORATED ASSOCIATIONS       :
IDENTIFIED ON SCHEDULE "A".,        :
                              :

                  Defendants.   :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

In this patent infringement action, Plaintiff alleges that Defendants operate online marketplaces, including on Amazon, that sell products that infringe on its registered design patents.  ECF No. 8. ("Am. Compl."), ¶¶ 1-4.  On January 7, 2026, Plaintiff filed a motion for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, seeking leave to serve Defendant "luoyanglunfenjinchukoumaoyiyouxiangongsi d/b/a luoyanglunfen" ("Defendant No. 6") via email.  ECF No. 107 ("Mot. Alt. Serv.").

Plaintiff claims that it attempted service of Defendant No. 6 at the only physical address it had been able to find for that Defendant, but service was unsuccessful because another company had replaced Defendant No. 6 at that address.  Mot. Alt. Serv. at 1-2.  Plaintiff argues that as a result, Defendant's address is "unknown" within the meaning of the Hague Convention on the Service Abroad of

Extrajudicial Documents (the "Hague Convention"). *Id.* at 2. As Plaintiff has exercised reasonable diligence through its attempted service of process and its supplemental efforts to research a proper address for Defendant No. 6, the motion is GRANTED.

## LEGAL STANDARDS

Rule 4(f) authorizes service on a defendant in a foreign country by "any internationally agreed means of service," such as the Hague Convention, by method in accordance with that jurisdiction's laws, or "by other means not prohibited by international agreement, as the court orders," so long as it is "a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f). Moreover, Rule 4(f) treats all subparts as equal, meaning that parties need not "exhaust" the efforts listed before Rule 4(f)(3) to move for alternative service. *See Gang Chen v. China Green Agric., Inc.*, No. 20 CV 9232 (MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021).

Rule 4(f)(3) allows a court to "fashion [a] means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted). In evaluating whether service comports with due process, "[a] court must . . . determine that the proposed method of service is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by

2

the suit or proceeding, and to afford him an adequate opportunity to be heard."
*United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023) (citation omitted).

## DISCUSSION

Rule 4(f)(3) requires a two-part analysis, first addressing whether the ordered means of service is not prohibited by international agreement, and secondly, analyzing whether service comports with constitutional due process.

Defendant No. 6 appears to be located in China. Mot. Alt. Serv. at 4. Both the United States and China are signatories to the Hague Convention. Service by email on defendants in China is prohibited by the Hague Convention. *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 WL 3672740, at *4 (2d Cir. Dec. 18, 2025). The Hague Convention does not apply, however, "where the address of the person to be served with the document is not known." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).

Plaintiff argues that the Hague Convention does not apply here because Plaintiff's best efforts at obtaining Defendant 6's physical address and effectuating service have resulted in dead ends. Mot. Alt. Serv., Ex. A. Plaintiff engaged a process server through Ancillary Legal to serve Defendant 6 at its Amazon Seller Profile address, but said server was neither able to serve Defendant No. 6—as another company had taken over that address—nor learn additional information as to Defendant No. 6's whereabouts. *Id.* at 5 & Exs. B, C. Plaintiff reports that after receiving the process server's Certificate of Non-Service, Plaintiff unsuccessfully

3

attempted to determine an updated address for Defendant No. 6, but internet searches only turned up references to the instant lawsuit. *Id.* at 5-6. Plaintiff also sought updated production data from Amazon, but that discovery, produced on December 22, 2025, only listed the same out-of-date address. *Id* at 6-7 & Ex. D (highlighting updated data). Plaintiff also commissioned a review of official Chinese records, but those records also list the same address for Defendant No. 6. *Id.* at 7 & Ex. E ("Felicia Liu Decl."). At the time Plaintiff filed the instant motion, Defendant 6's Amazon Seller Profile still displayed the stale address. *Id.* at 7.

An address is "not known" within the meaning of the Hague Convention "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access*, 2018 WL 4757939, at *4. Reasonable diligence means that plaintiff has utilized the tools at its disposal in an attempt to find a current physical address, including discovery, researching the defendant's website or other internet sources, or conducted in-person investigations. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022), *aff'd sub nom. Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 WL 3672740 (2d Cir. Dec. 18, 2025). Reaching out to an individual's shipper can also demonstrate diligence. *See Kelly Toys Holdings*, No. 22 CV 558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022).

The Court determines that Plaintiff's attempts to locate a valid physical address for Defendant No. 6—through a process server who sought updated information, as well as through discovery, internet searches, and research of official

4

Chinese records—constitute "reasonable diligence." *See, e.g., Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding reasonable diligence where plaintiffs conducted further online research, sent mail to the addresses, and conducted in-person visits to ascertain whether any of the physical addresses were correct and usable for service); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (approving service of online retailers by email and fax, where service by mail to listed physical addresses had been attempted but was returned). Accordingly, alternative service pursuant to Rule 4(f) comports with due process.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service on Defendant No. 6 is GRANTED. The Clerk of Court is directed to terminate ECF No. 107.

SO ORDERED.

Dated: January 21, 2026
     New York, New York         _____
                             JEANNETTE A. VARGAS
                             United States District Judge