UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                               :

NINGBO LANGYAN AGEL E-COMMERCE LTD.,   :

                        :

            Plaintiff,           :

                        :

        -v-                  :          25-CV-00058 (JAV)

                        :

THE CORPORATIONS, LIMITED LIABILITY    :      MEMORANDUM OPINION
COMPANIES, PARTNERSHIPS AND         :           AND ORDER
UNINCORPORATED ASSOCIATIONS IDENTIFIED  :
ON SCHEDULE "A,"                 :

                        :

           Defendants.       :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On April 22, 2026, Plaintiff Ningbo Langyan Agel E-Commerce Ltd. ("Ningbo") filed a

motion for alternative service pursuant to Rule 4(f)(3), seeking leave to serve Defendant Anhui

Ergocomfy Home Technology Co., Ltd d/b/a Bettahome ("Bettahome")—which appears to be

based in China, *see* ECF Nos. 117-1, 117-4, 117-6—via email.  ECF No. 117 ("Motion" or

"Mot.").  For the following reasons, the Motion is **DENIED**.

Rule 4(f)(3) provides that, "unless federal law provides otherwise, an individual—other

than a minor, an incompetent person, or a person whose waiver has been filed—may be served at

a place not within any judicial district of the United States . . . by other means not prohibited by

international agreement, as the court orders."  Fed. R. Civ. P 4(f)(3).  Rule 4(f)(3) therefore

requires a two-part analysis, first addressing whether the ordered means of service is not

prohibited by international agreement, and secondly, analyzing whether service comports with

constitutional due process.  *See id.*; *see also* Fed. R. Civ. P. 4(f)(3) advisory committee's note to

1993 amendment ("In such cases, the court may direct a special method of service not explicitly

authorized by international agreement if not prohibited by the agreement.  Inasmuch as our

Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law."). As relevant to the first part of this analysis, both the United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *See Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 166-67 (2d Cir. 2025).

Although the Hague Convention prohibits service by email on defendants in China, *id.* at 170, the Hague Convention does not apply where "the address of the person to be served with the document is not known," *id.* at 168. "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (collecting cases). Reasonable diligence is exercised where the plaintiff has utilized the tools at its disposal in an attempt to find a current physical address, including through discovery, researching the defendant's website or other internet sources, calling known phone numbers, or conducting in-person investigations. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022), *aff'd sub nom. Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025). Reaching out to an individual's shipper can also demonstrate reasonable diligence. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-558 (PAE), 2022 WL 3701216, at *6-7 (S.D.N.Y. Aug. 26, 2022).

Here, while Ningbo has demonstrated that it exercised reasonable diligence in attempting to discover physical addresses at which to serve Bettahome, it has not demonstrated that it was unsuccessful in doing so. Ningbo has utilized several tools at its disposal to discover a physical

address for Bettahome, such as reviewing Bettahome's Amazon seller profile and official Chinese records, ECF No. 117-5, requesting and receiving discovery from Amazon about Bettahome, ECF No. 117-4, and conducting internet research on Bettahome, ECF No. 117-6.  As a result of these labors, Ningbo discovered two physical addresses at which Bettahome may be located.  At one address in Zhejiang, China, Ningbo attempted to serve Bettahome but was unsuccessful because there was no such company at the address.  *See* ECF Nos. 117-2, 117-3.

At the other address in Anhui, China, however, Ningbo sent a test mailing, which "was rejected because the recipient refused to accept it."  ECF No. 117-5, ¶ 6.  While Ningbo argues that Bettahome's address "is [therefore] 'unknown' within the meaning of the Hague Convention," Mot. at 4, Ningbo has in fact presented evidence to the contrary.  That someone refused to accept the mailing at the Anhui address suggests that the address is real and occupied. Moreover, Ningbo's online research and review of official Chinese records "indicate[ ] that Bettahome may operate at [that] address."  Mot. at 2.  From this record, the Court cannot conclude that Bettahome's address is unknown for purposes of the Hague Convention.  *See Overnight Blowout LLC v. Shenzhen Kairuijia E-Com. Co.*, No. 25-CV-6086 (LJL), 2025 WL 2381588, at *1 (S.D.N.Y. Aug. 13, 2025) ("Plaintiffs' inability to conclusively verify these addresses using a single test mailing does not mean that the addresses are 'unknown' for purposes of the Hague Convention.").

Accordingly, the Motion is **DENIED**.  The Clerk of Court is directed to terminate ECF No. 117.

SO ORDERED.

Dated:  May 28, 2026
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge